UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 05-21395-CIV-SEITZ/MCALILEY

GEORGE POWELL, et al.,

    Plaintiffs,

v.

CAREY INTERNATIONAL, INC., et al.,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR STRIKE PLAINTIFFS' PRAYERS FOR CERTAIN DAMAGES AND MOTION TO STRIKE IMMATERIAL ALLEGATIONS IN PLAINTIFFS' FOURTH AMENDED COMPLAINT

THIS CAUSE is before the Court on Defendants' Motion to Dismiss or Strike Plaintiffs' Prayers for Certain Damages and Motion to Strike Immaterial Allegations in Plaintiffs' Fourth Amended Complaint ("Defendants' Motion") [DE 170]. Defendants' Motion seeks relief as to five of Plaintiffs' allegations. The relief sought, in Defendants' order, includes: (1) the dismissal or striking of Plaintiffs' claim for compensatory damages for emotional pain and suffering related to allegations of failure to pay overtime and retaliation; (2) the dismissal or striking of Plaintiffs' attempted recovery of "social security payments;" (3) the striking of Plaintiffs' claim that the statute of limitations should be expanded to six years; (4) the dismissal or striking of Plaintiffs' claims for injunctive and declaratory relief; and (5) the striking of statements relating to past cases and settlement agreements. The Court will refer to these allegations by number for simplicity of the analysis.

Defendants' Motion, while entitled a "Motion to Dismiss or Strike" seeks to dismiss only

the portions of Plaintiffs' counts 1 and 2 in the Fourth Amended Complaint ("FAC") identified in allegations 1, 2 and 4, and not an entire claim. (Defendant's Motion at 3.) As a result, their motion to dismiss is more appropriately treated as a motion to strike under 12(f) of the Federal Rules of Civil Procedure. *See Goldstein v. North Jersey Trust Company, Inc.*, 39 F.R.D. 363, 366 (S.D.N.Y. 1966) (finding that a "claim" is made up of a set of facts giving rise to one or more legal rights). Fed. R. Civ. P. 12(f) (2006). For the reasons set forth below, Defendants' Motion is denied.

## I. Background

Plaintiffs, George Powell and Viliam Kralovic, originally filed this action on behalf of themselves and others similarly situated ("Plaintiffs") alleging violations under the Fair Labor Standards Act on May 24, 2005 [DE 1]. On July 22, 2005, Plaintiffs filed an Amended Complaint and included a count of retaliation on behalf of Plaintiff Powell [DE 34]. Plaintiffs filed their Second Amended Complaint ("SAC") on November 21, 2005 [DE 81]. In the SAC, Plaintiffs amended their prayer for relief to include claims for declaratory and injunctive relief. Plaintiffs filed their Third Amended Complaint on May 17, 2006 [DE 155] and their FAC on June 5, 2006 [DE 167]. On June 19, 2006, Defendants filed their answer to the FAC.

## II. Standard of Review

Federal Rule of Civil Procedure 12(f) provides in relevant part that "[u]pon motion made by a party before responding to a pleading . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (2006). Striking a pleading is a drastic remedy to be resorted to only when required for the purposes of justice. *Augustus v. Board of Public Instruction of Excambia County,*

CASE NO. 05CV21395 (Order on DE 170)

*Florida, et al.*, 306 F.2d 862, 868 (5th Cir. 1962).[1] The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy. *Id.* (citing *Brown & Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 822 (6th Cir. 1953)). Further, a disputed question of fact cannot be decided on a motion to strike and when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law. *Id.* at 868. Under such circumstances, the court may properly defer action on the motion and leave the sufficiency of the allegations for determination on the merits. *Id.*

**II.     Analysis**

**Defendants' Claims Are Not Proper In A Motion To Strike.**

Defendants fail to meet the standard for the drastic remedy of a motion to strike. None of the allegations made by Defendants constitute "redundant, immaterial, impertinent, or scandalous matter" for the purposes of this case. Also, many of the allegations involve questions of law that are not prejudicial to Defendants and are more appropriately left to be addressed on the merits. *See Augustus,* 306 F.2d at 868.

In allegations 1, 2 and 4, Defendants allege that Plaintiffs are not entitled to compensatory damages for mental distress, "social security damages" or declaratory or injunctive relief. (Defendants Motion at 3-7.) However, prayers for damages are not appropriately addressed on a motion to strike. *See Spell v. McDaniel*, 591 F.Supp. 1090, 1113 (E.D.N.C. 1984) (finding that a motion to strike punitive damages was not appropriate in a Rule 12(f) motion.)

---

[1] All decisions of the former Fifth Circuit rendered prior to October 1, 1981 serve as binding precedent on the current Eleventh Circuit. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

CASE NO. 05CV21395 (Order on DE 170)

Further, allegations 1, 2, and 4, as well as allegation 3, (regarding extending the statute of limitations) are substantive questions of law which should not be addressed on a motion to strike unless there is prejudicial harm to the movant. *See Augustus,* 306 F.2d at 868. Defendants have not alleged that the inclusion of these allegations in the FAC causes them prejudicial harm, thus, the motion to strike these allegations is denied and these issues are deferred for a determination on the merits. *See id.*

Finally, Defendants seek to strike Plaintiffs' reference to past settlements in similar cases. (Defendant's Motion at 14-16.) Plaintiffs list past cases in which Defendants have been sued to illustrate that, *inter alia*, "the Defendants have failed to pay the drivers that they employ the back overtime that they owe." (FAC at 2.) The statements Plaintiffs made in the FAC refer to past cases that settled, but do not provide details of those settlement agreements or any admissions of guilt on the part of Defendants. Further, the Plaintiffs filed the FAC more than a year after they filed the original complaint, and the statement regarding prior settlements was included in that complaint, yet, until now, the Defendants did not object to it. Therefore, any claims by Defendants of prejudicial harm are not credible, and to the extent that Defendants' assert these statements or any the others in the FAC are immaterial, the language of *Gas Consumers Ass'n v. Philadelphia Gas Works Co.*, seems particularly appropriate --

> If the allegations are "immaterial they simply do not matter, and the court need not be at pains to blot them away. Striking material from pleadings is permissive with, not mandatory for, the court. After all, it is the present policy of the trial courts of the United States not to root up cockle in the perilous time of sprouting, but rather to leave its elimination to the harvest season, when without loss or harm, it may be discarded and the good grain preserved as the substance of judgment."

12 F.R.D. 125, 127 (D. Penn. 1951)

CASE NO. 05CV21395 (Order on DE 170)

**III.   Conclusion**

For the reasons stated above, it is hereby

ORDERED that Defendants' Motion is DENIED.

DONE and ORDERED at Miami, Florida this 19th day of October, 2006.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record