UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 05-21395-CIV-SEITZ/MCALILEY

GEORGE POWELL, et al.,

    Plaintiffs,

v.

CAREY INTERNATIONAL, INC., et al.,

    Defendants.

    _____/

## ORDER REGARDING PLAINTIFFS' PARTIAL SUMMARY JUDGMENT MOTION ON ALL ISSUES OTHER THAN ISSUES RELATED TO THE CALCULATION OF DAMAGES

THIS MATTER is before the Court *sua sponte*. A review of the record in this case indicates that the parties are scheduled to attend mediation on February 7, 2007, and their Pretrial Stipulation is due on February 9, 2007. Further, Plaintiffs' Motion For Partial Summary Judgment On All Issues Other Than Issues Related To The Calculation Of Damages ("Plaintiffs' Summary Judgment Motion") [DE 241] is currently pending before the Court. In an effort to aid the parties to resolve this matter at the February 7, 2007 mediation and to facilitate the completion of the Pretrial Stipulation, if necessary, the Court provides the parties with a summary of the Court's Order regarding the contested issues of the statute of limitations and liquidated damages. The full legal analysis will be submitted by separate order.

Because there are genuine issues of material fact, Plaintiffs' Summary Judgment Motion as to the statute of limitations and liquidated damages is denied. First, there are issues of fact as to whether Defendants' failure to pay any alleged overtime wages was "willful" under the test set

forth in *McLauglin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).[1] Further, Plaintiffs assertion that the statute of limitations should be equitably tolled because Defendants did not provide the proper FLSA notice[2] is denied because there are genuine issues of fact as to whether Defendants did post such notice.[3] Also, Plaintiffs assertion that the "continuing violations" doctrine equitably tolls the statute of limitations is without merit.[4] Additionally, Plaintiffs motion for summary judgment with regard to liquidated damages must be denied because there are material issues of fact that only a jury can resolve.[5]

---

[1] In *McLaughlin*, the Supreme Court stated that the standard for "willful" was whether "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." *Id.*

[2] Plaintiffs state that the statute of limitations should be equitably tolled for various reasons but have only plead in their Fourth Amended Complaint that it should tolled due to Defendants' failure to post an FLSA notice poster. Plaintiffs may not, however, seek to equitably toll the statute of limitations on a summary judgment motion based on grounds not plead in the operative complaint. *See Wasco Products, Inc. v. Southwall Technologies, Inc.*, 435 F.3d 989, 990 (9th Cir. 2006); (stating that plaintiffs seeking to toll the statute of limitations on various grounds must have included the allegation in their pleadings.) Further, even if Plaintiffs were allowed to seek to equitably toll the statute of limitations on grounds not previously asserted, there are questions of fact regarding any of Defendants' alleged misrepresentations to Plaintiffs.

[3] Plaintiffs and Defendants have provided contradicting testimony regarding whether an FLSA notice poster was posted at the Defendants' business location. (Plaintiffs' Statement of Facts ¶ 26; Defendants' Statement of Facts ¶ 15.)

[4] Plaintiffs misconstrue the "continuing violations" doctrine. The doctrine states that each time an employer fails to pay overtime, it constitutes a new FLSA violation and Plaintiffs are entitled to a new statute of limitations period. *Knight v. Columbus, Ga.*, 19 F.3d 579, 582 (11th Cir. 1994). The term "continuing violations" is something of a misnomer. It suggests that the original violation, namely the decision to not pay the employee overtime wages, is somehow the source of the employees' present ability to recover. It is not. What is determinative for statute of limitations purposes is that the employee worked unpaid overtime hours during the statute of limitations window. Thus, the doctrine does not support Plaintiffs' efforts to equitably toll the statute of limitations.

[5] A court has discretion to determine if liquidated damages are warranted in an FLSA overtime case. 29 C.F.R. § 790.22(a). The conditions prescribed as prerequisites to such an exercise of discretion by the court are two: (1) The employer must show to the satisfaction of the court that the act or omission giving rise to such action was in good faith; and (2) the employer must show also, to the satisfaction of the court, that it had reasonable grounds for believing that its act or omission was not a violation of the Fair Labor Standards Act. 29 C.F.R. § 790.22(b) What constitutes good faith on the part of an employer and whether it had reasonable grounds for believing that its act or omission was not a violation of the Fair Labor Standards Act are *mixed questions of fact and law*. 29 C.F.R. § 790.22(b) (emphasis added).

Accordingly, it is hereby

    ORDERED that

    (1)    Plaintiffs' Summary Judgment Motion with regard to the issues of the statute of limitations and liquidated damages [DE 241] is DENIED.

    DONE AND ORDERED at Miami, Florida, this <u>1st</u> day of February, 2007.

                                      PATRICIA A. SEITZ
                                      UNITED STATES DISTRICT JUDGE

cc:
Counsel of Record