UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-21395-CIV-SEITZ/McALILEY

GEORGE POWELL, VILIAM KRALOVIC,
ERROLL ROBINSON, CARLOS
BETANCOURT, ALPHONSO McINTYRE,
ANOUSHEH SARFARAZ, FRANCISCO
RENGIFO, OSCAR PEREZ, ALVIN HARVARD,
JULIO PEON, JOHN HUMPHREYS, JULIO
TEJERA, MIOMIR MARSIMCEV, DIMITRE
KARABOYTCHEV, JUAN ALBA, TOMAS
GONZALEZ, LUIS LOIZARO, WILHELM
PERIERA, ENRIQUE BALDWIN, MARK
DONAHAY, NICK ANDRADE, ED MAZZEO,
and ALAN LEAVITT,

   Plaintiffs,

v.

CAREY INTERNATIONAL, INC., a Delaware
corporation qualified to do business in the State
of Florida, CAREY LIMOUSINE FLORIDA, INC.,
a Delaware corporation qualified to do business in
Florida, and VINCE WOLFINGTON, an
individual,

   Defendants.
_____/

**PLAINTIFFS' UNILATERAL JURY INSTRUCTIONS**
**CONCERNING POWELL'S RETALIATION CLAIMS**

   Plaintiffs, pursuant to Local Rule 16.1 of the Southern District of Florida, Federal Rule of

Civil Procedure 51, and this Court's Pretrial Order, hereby submit their Proposed Jury Instructions.

While the parties have separately filed Joint Jury Instructions, on the basic pattern instructions, the

parties are submitting their substantive instructions unilaterally.  The parties are not able to agree on

many significant aspects of the pattern instructions.  Plaintiffs' counsel requested that the jury

instructions all be filed in one Joint filing, with a separate "Plaintiffs' Section" and "Defendants'

Section" concerning the substantive instructions, which could come right after each other so that the Court could compare the two instructions. The Defendants began merging the documents to do that, but later informed Plaintiffs' counsel that they did not desire to file them that way, because the document was too lengthy (approaching 90 pages). Plaintiffs' counsel offered for his firm to merge the documents, but the Defendants insisted that unilateral instructions be filed because of the length. Because of the joint filing, Plaintiffs do not submit herein any instructions contained in that filing.

Respectfully submitted,

Dated this 9th day of February, 2007

Chris Kleppin
Fla Bar No. 625485
Glasser, Boreth & Kleppin
Counsel to Plaintiff
8751 W. Broward Blvd.
Suite 105, Plantation, FL 33324

By:   s/ChrisKleppin_____
        Chris Kleppin
        Fla. Bar No. 625485

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 9, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record (Patricia H. Thompson, Esq., Carlton, Fields, et al., 4000 International Place, 100 Southeast Second Street, Miami Florida 33131) or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

Glasser, Boreth & Kleppin
Attorneys for Plaintiff
8751 W. Broward Blvd., #105          By s/Chris Kleppin_____
Plantation, FL 33324                        Chris Kleppin
Tel.  (954) 424-1933                        Fla. Bar No. 625485

## <u>TABLE OF CONTENTS</u>

INSTRUCTIONS TO BE GIVEN AT THE CLOSE OF EVIDENCE

1.    Consideration of the Evidence – Duty to Follow Instructions

2.    Objections by Counsel

3.    "If You Find," or "If You Decide"

4.    Credibility of Witnesses

5.    Impeachment

6.    Inference Defined

7.    Interrogatories - To Be Given During Trial When Offered into Evidence

8.    Depositions - To Be Given During Trial When Offered into Evidence

9.    Burden of Proof – Absolute Certainty Not Required

10.   Retaliation

11.   Indirect Evidence of Retaliation

12.   Defenses to Indirect Evidence of Retaliation

13.   Back pay and mitigation

14.   Compensatory Damages

15.   Lost Future Earnings Capacity

16.   Rule 1006 - Summaries

17.   Verdict – Unanimous – Duty to Deliberate

18.   Verdict Forms – Jury's Responsibility

19.   Communications Between Court and Jury During Jury's Deliberations

20.   Election of Foreperson

## PROPOSED JURY INSTRUCTION NO. 1

### (Objections by Counsel)

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  Therefore, you should not be prejudiced against an attorney or her client because the attorney has made objections.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not indicate any opinion as to the weight or effect of such evidence.  As stated before, the jurors are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

**Authorities**

Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions* § 11.03 (1987 ed.).

GIVEN AS REQUESTED        _____
GIVEN AS MODIFIED         _____
REFUSED                   _____
WITHDRAWN                 _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2**

("If You Find," or "If You Decide")

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression, "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

**Authorities**

Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions* § 72.02 (4th ed. 1987).

GIVEN AS REQUESTED          _____
GIVEN AS MODIFIED           _____
REFUSED                     _____
WITHDRAWN                   _____

## PROPOSED JURY INSTRUCTION NO. 3

(Inference Defined)

You are to consider all the evidence in the case.  But in your consideration of the evidence, you are not limited to the bald statements of the witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify.  You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by evidence in the case.

**Authorities**

Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions* § 72.04 (4th ed. 1987).

GIVEN AS REQUESTED         _____
GIVEN AS MODIFIED          _____
REFUSED                    _____
WITHDRAWN                  _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4**

(Interrogatories - To Be Given During Trial When Offered into Evidence)

The Plaintiffs has indicated that they will now read into evidence some of their interrogatories and the Defendants' answers to them. Interrogatories are a device that allow the parties to ask each other questions before the trial. The answers must be given under oath, and were given under oath in this case.

You must view the Defendants' answers to the interrogatories as evidence in this case. They are no different, as evidence, than oral testimony or deposition testimony, and they are no less worthy of your consideration.

**<u>Authorities</u>**

Steven Baicker-McKee, *Federal Civil Rules Handbook*, at 489-90 (1999 ed.) (stating that interrogatories "generally may be used as though made in court by a party"); Wright & Miller, *Federal Practice and Procedure*, § 2180 (1994); *Bracey v. Grenoble*, 494 F.2d 566, 570 (3d Cir. 1974); *Heilig v. Studebaker Corp.*, 347 F.2d 686 (10th Cir. 1965).

GIVEN AS REQUESTED       _____
GIVEN AS MODIFIED        _____
REFUSED                  _____
WITHDRAWN                _____

### PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5

(Depositions - To Be Given During Trial When Offered into Evidence)

The Plaintiffs have now decided to read into evidence various portions of a deposition from a witness who testified in this case.  A deposition consists of sworn recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case.  This deposition testimony was given under oath.  Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by you, in the same way as if the witness actually testified in open Court from the witness stand.

**Authorities**

Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions* § 73.02 (4th ed. 1987).

GIVEN AS REQUESTED        _____
GIVEN AS MODIFIED         _____
REFUSED                   _____
WITHDRAWN                 _____

## PROPOSED JURY INSTRUCTION NO. 6

(Summaries under Rule 1006)

The contents of voluminous writings, records, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation.  However, all such summaries that are created must be based on underlying documentation which is complete and which substantiates the accuracy of the information that is contained in the summary.  If you have doubts concerning the accuracy or completeness of the underlying information which was used and relied on in the creation of the summary, you should disregard the contents of the summary.

**Authorities**

Fed. R. Evid. 1006; *State Office Sys, Inc. v. Olivetti Corp. of Am.*, 762 F.2d 843 (10th Cir. 1985).

GIVEN AS REQUESTED        _____
GIVEN AS MODIFIED         _____
REFUSED                   _____
WITHDRAWN                 _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 7**

(Retaliation Claims)

Powell claims that the Defendant retaliated against him, for exercising his rights under the Fair Labor Standards Act by filing a Notice of Consent in *Martin Bosniak, et al. v. Carey International, Inc., et al.*, Case No. 03-23211-CIV-UNGARO-BENAGES.  Mr. Bosniak had sued the Defendants in 2003 for the same wage and hour violations that the Plaintiffs are suing for in this case.  Powell filed his Notice of Consent to join the *Bosniak* case on February 24, 2004.  Such retaliation, if you find that it occurred, is prohibited under the anti-retaliation provision of the Fair Labor Standards Act.  The Defendants claim that Mr. Powell was retaliated against.

An employer is prohibited from retaliating against employees who have exercised their rights under the Fair Labor Standards Act, such as by filing a Notice of Consent.  Employers are prohibited in basing adverse employment action, such as the failure to assign work or termination or constructive discharge.

In order to prevail on a claim for retaliation, Mr. Powell must prove that the filing of his Notice of Consent in the *Bosniak* case was a motivating factor for the Defendants' decision to assign him less work, inferior work, and/or to terminate him or constructively discharge him.

**Authorities**

*Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453 (11th Cir. 1998); *Little v. United Technologies*, 103 F.3d 956, 959 (11th Cir. 1997); *Morgan v. City of Jasper*, 959 F.2d 1542, 1547 (11th Cir. 1992); *Coutu v. Martin County Bd. of County Comm'rs*, 47 F.3d 1068, 1074 (11th Cir. 1995).

GIVEN AS REQUESTED       _____
GIVEN AS MODIFIED        _____
REFUSED                  _____
WITHDRAWN                _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8

### (Indirect Evidence of Retaliation)

To establish that the Defendants retaliated against Mr. Powell by assigning him less work and/or work of inferior quality or by terminating or constructively discharging him, Mr. Powell must prove that the exercise of his rights under the Fair Labor Standards Act was a substantial or motivating factor for the Defendants' decision(s).

You should be mindful that the law requires only that an employer not retaliate against an employee because of his protected activity (*e.g.*, the filing of a Notice of Consent or any other complaint about overtime).  An employer may make employment decisions for any legitimate, non-discriminatory reason, good or bad, fair or unfair, and you should not second-guess that decision. Neither does the law require an employer to extend any special or favored treatment to employees or individuals who file Notices of Consent.

On the other hand, it is not necessary for Mr. Powell to prove that his protected activity was the sole or exclusive reason for the Defendants' decision; it is only necessary for Mr. Powell to prove that his protected activity made a difference.

**<u>Authorities</u>**

*Pattern Jury Instructions for the Eleventh Circuit*, § 1.3.1, pp. 86-87 (2000 ed.), as modified by *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S. Ct. 2097 (2000) and *Palmer v. Board of Regents of Georgia*, 208 F.3d 969 (11th Cir. 2000); *Lathem v. Department of Children and Youth Servs.*, 172 F.3d 786 (11th Cir. 1999); *ABA Model Jury Instructions* at § 1.02[3], p. 17; 42 U.S.C. § 2000e-2(m); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981); *Jones v. Firestone Tire & Rubber Co.*, 977 F.2d 527, 536 (11th Cir. 1992); *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126, 1130-31 (11th Cir. 1984); *International Bhd. of Teamsters v. United States*, 431 U.S. 324, 335-36 & n.15 (1977); *Mitchell v. Jefferson County Bd. of Educ.*, 936 F.2d 539, 546 (11th Cir. 1991); *Coutu v. Martin County Bd. of County Comm'rs*, 47 F.3d 1068, 1073 (11th Cir. 1995).

GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED          _____
REFUSED                             _____
WITHDRAWN                      _____

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 9

(Defenses to Indirect Evidence of Retaliation)

Mr. Powell's protected activity was a motivating factor if you find that it played a role in the Defendants' decisions concerning him, even though other factors may have also played roles in the Defendants' decisions.

A legitimate, non-retaliatory reason is any reason or explanation unrelated to Mr. Powell's protected activity. You must consider any legitimate, non-retaliatory reason or explanation stated by the Defendants for their decision, as long as the Defendants have set forth by competent evidence that it actually relied on such reason(s).

In considering the legitimate, non-retaliatory reason(s) stated by the Defendants for their decisions, you are not to second-guess those decisions or to otherwise substitute your judgment for that of the Defendants. However, the Defendants cannot hide intentional retaliation behind a façade of "business judgment."

If you find that the Defendants have stated a valid reason for why they assigned Mr. Powell less work and/or work of an inferior quality and/or terminated or constructively discharged Mr. Powell, then you must decide in favor of the Defendants, unless Mr. Powell proves by a preponderance of the evidence that the stated reason(s) was not the true reason, but is only a pretext or excuse for retaliating against Mr. Powell because of his protected activity, that is, the filing of his Notice of Consent.[1]

Mr. Powell can attempt to prove pretext directly, by persuading you by a preponderance of the evidence that his protected activity were more likely the reason for the Defendants' decisions than the reason(s) stated by Defendants.[2]

---

[1] *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981).
[2] *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981).

Mr. Powell can also attempt to prove that the Defendants' stated reason for their decision to terminate him or constructively discharge him and/or assign him less work and/or work of inferior quality is a pretext by persuading you that the Defendants' stated reasons are just not believable.[3]  If you reject the Defendants' reasons, you may infer the ultimate fact of intentional retaliation.[4]

**Authorities**

*Pattern Jury Instructions for the Eleventh Circuit*, § 1.3.1, pp. 86-87 (2000 ed.), as modified by *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S. Ct. 2097 (2000) and *Palmer v. Board of Regents of Georgia*, 208 F.3d 969 (11th Cir. 2000); *ABA Model Jury Instructions* at § 1.02[2][a], p. 20 and § 1.02[3][b], p. 22 (as modified by *Combs v. Plantation Patterns*, 106 F.3d 1519 (11th Cir. 1997); *Lathem v. Department of Children and Youth Servs.*, 172 F.3d 786, 793 (11th Cir. 1999) ("rejection of the employer's proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination"); 42 U.S.C. § 2000e-2(m); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981); *Combs v. Plantation Patterns*, 106 F.3d 1519, 1529 (11th Cir. 1997); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993).

| | |
|---|---|
| GIVEN AS REQUESTED | _____ |
| GIVEN AS MODIFIED | _____ |
| REFUSED | _____ |
| WITHDRAWN | _____ |

---

[3] *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981).
[4] *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S. Ct. 2097 (2000).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 10**

(Backpay and Mitigation)

In determining the award of backpay, you shall award Mr. Powell an amount equal to the pay Mr. Powell would have received from the Defendants had he not been retaliated against due to his protected activity.  Backpay runs from the date of the adverse employment action (*e.g.*, his termination/constructive discharge and/or assignment of less work and/or inferior work) until trial.

You should deduct from the backpay whatever wages Mr. Powell obtained from other employment during this period.  Also subtracted from these amounts is the amount of money, if any, which the Defendants prove by a preponderance of the evidence that Mr. Powell might have earned had he exercised reasonable diligence in seeking alternate employment which was actually available, for which he was qualified, and which was similar in nature to the work he sought from the Defendants.[5]  This is called mitigation.  The burden of proving a failure to mitigate damages is on the Defendants.[6]  The Defendants must prove that substantially similar work was available, and that Mr. Powell could have obtained that work had he tried.[7]

**Authorities**

Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions* § 106.07 (4th ed. 1987) (modified).  *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 419 (1975); *EEOC v. Guardian Pools, Inc.*, 828 F.2d 1507, 1512-1513 (11th Cir. 1987); *Nord v. United States Steel Corp.*, 758 F.2d 1462, 1471-72 (11th Cir. 1986); *Smith v. American Service Co. of Atlanta, Inc.*, 796 F.2d 1430 (11th Cir. 1986); *Brown v. A.J. Gerrard Manufacturing Co.*, 715 F.2d 1549 (11th Cir. 1983); *Marks v. Prattco*, 633 F.2d 1122, 1125 (5th Cir. 1981); *Jackson v. Shell Oil Co.*, 702 F.2d 197, 201 (9th Cir. 1983); *EEOC v. Sandia Corp.*, 639 F.2d 600, 627 (10th Cir. 1980); *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 965 (4th Cir. 1985); *Mansfield v. Sinclair Int'l*, 766 F.2d 788, 794-95 (3rd Cir. 1984), *vacated on other grounds*, 105 S. Ct. 1159 (1985); *Canova v. NLRB*, 708 F.2d 1498, 1504 (9th Cir. 1983); *Sennello v. Reserve Life Ins. Co.*, 667 F. Supp. 1498, 1513 (S.D. Fla. 1987); *Loeb v. Textron*, 600

---

[5] *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231-32 (1982).
[6] *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231-32 (1982).
[7] *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231-32 (1982).

F.2d 1003, 1021 (5th Cir. 1979); *EEOC v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 529 (11th Cir. 1990); *Castle v. Sangamoi Weston, Inc.*, 837 F.2d 1550, 1560-1561 (11th Cir. 1988); *Darnell v. City of Jasper*, 730 F.2d 653, 655-57 (11th Cir. 1984); *Walters v. City of Atlanta*, 803 F.2d 1135, 1149 (11th Cir. 1986); *Miller v. Marsh*, 766 F.2d 490, 492 (11th Cir. 1985); *Florida Statutes* § 760.01 *et seq.*; *Florida Dep't of Community Affairs v. Bryant*, 586 So.2d 1205, 1209 (Fla. 1st DCA 1991).

GIVEN AS REQUESTED        _____
GIVEN AS MODIFIED         _____
REFUSED                   _____
WITHDRAWN                 _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 11

(Compensatory Damages)

Mr. Powell has alleged that, as a result of the Defendants' intentional retaliation, he has suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of work, loss of dignity, and humiliation.  Mr. Powell has the burden of proving any compensatory damages by a preponderance of the evidence.  If Mr. Powell does not establish that he has experienced emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of work, loss of dignity, and/or humiliation because of the Defendants' conduct, then he cannot recover compensatory damages.

If you determine that Mr. Powell has proven by a preponderance of the evidence that he has experienced emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of work, loss of dignity, and humiliation, you may award him damages for those injuries.  No evidence of the monetary value of such intangible things as pain and suffering has been, or needs to be, introduced into evidence.   No exact standard exists for fixing the compensation to be awarded for these elements of damages.  The damages that you award must be fair compensation—no more and no less.

When considering the amount of monetary damages to which Mr. Powell may be entitled, you should consider the nature, character and seriousness of any emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of work, and humiliation Mr. Powell felt.  You must also consider its extent or duration, as any award you make must cover the damages endured by Mr. Powell since the wrongdoing, to the present time, and even into the future, if you find as fact that the proofs presented justify the conclusion that Mr. Powell's emotional stress and its consequences have continued to the present time or can reasonably be expected to continue in the future.

**<u>Authorities</u>**

*Florida Statutes* § 760.01 *et seq.*; *Florida Dep't of Community Affairs v. Bryant*, 586 So.2d 1205, 1209 (Fla. 1st DCA 1991).  Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions* §§ 104.05, 104.06, 104A.11 (1987 & Supp. 1993); 42 U.S.C. § 1981(b)(3); *EEOC Policy Guidelines on Damages Provisions of the 1991 Civil Rights Act,* (July 7, 1992).


GIVEN AS REQUESTED          _____
GIVEN AS MODIFIED           _____
REFUSED                     _____
WITHDRAWN                   _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 12

(Lost Future Earnings Capacity)

If you find that the Defendant retaliated against Mr. Powell when it terminated and/or constructive discharged him or assigned him less work and/or inferior work, you may award Mr. Powell damages for lost future earnings capacity. Damages for lost future earnings are meant to compensate Mr. Powell for a lifetime of diminished earnings resulting from the reputational harms he suffered as a result of the Defendants' retaliatory termination and assignment of work. For example, Mr. Powell may be negatively affected for the rest of his career concerning what employment he may be able to obtain because his employment record indicates that he received negative discipline (that was according to Mr. Powell unwarranted), was terminated, and was not paid a certain amount of money.

Damages for lost future earnings capacity are not limited in duration, because the reputational or other injury that causes the diminution in expected earnings can stay with Mr. Powell indefinitely. However, any award of damages for lost future earnings capacity may not exceed the diminution (that is, the reduction) in expected earnings in all of Mr. Powell's future jobs. That is, you may only award such damages in an amount and for as long as you find that the reputational or other injury may be expected to affect Mr. Powell's job prospects.

**Authorities**

*Williams v. Pharmacia, Inc.*, 137 F.3d 944, 953-54 (7th Cir. 1998).

GIVEN AS REQUESTED     _____
GIVEN AS MODIFIED     _____
REFUSED     _____
WITHDRAWN     _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 13

(Verdict – Unanimous – Duty to Deliberate)

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict, you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are the judges—judges of the facts.  Your only interest is to seek the truth from the evidence in this case.

**Authorities**

*Pattern Jury Instructions for the Eleventh Circuit* § 7.1 at p. 16 (1990 ed.).

GIVEN AS REQUESTED          _____
GIVEN AS MODIFIED           _____
REFUSED                     _____
WITHDRAWN                   _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 14**

(Verdict Forms – Jury's Responsibility)

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

**Authorities**

Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions* § 74.07 (4th ed. 1987).

GIVEN AS REQUESTED            _____
GIVEN AS MODIFIED              _____
REFUSED                                  _____
WITHDRAWN                           _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 15

(Communications Between Court And
Jury During Jury's Deliberations)

If it becomes necessary during your deliberations to communicate with the Court, you may send a note via a courtroom security office, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any members of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open Court.

You will note from the oath about to be taken by the courtroom security officers that they, too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

**Authorities**

Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions* § 74.08 (4th ed. 1987).

GIVEN AS REQUESTED        _____
GIVEN AS MODIFIED         _____
REFUSED                   _____
WITHDRAWN                 _____

**PROPOSED JURY INSTRUCTION NO. 16**

(Election of Foreperson)

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

**Authorities for Plaintiffs' Instruction**

*Pattern Jury Instructions for the Eleventh Circuit* 8 (2005).

GIVEN AS REQUESTED          _____
GIVEN AS MODIFIED           _____
REFUSED                     _____
WITHDRAWN                   _____