UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-21395-CIV-SEITZ/McALILEY

GEORGE POWELL, VILIAM KRALOVIC,
ERROLL ROBINSON, CARLOS
BETANCOURT, ALPHONSO McINTYRE,
ANOUSHEH SARFARAZ, FRANCISCO
RENGIFO, OSCAR PEREZ, ALVIN HARVARD,
JULIO PEON, JOHN HUMPHREYS, JULIO
TEJERA, MIOMIR MARSIMCEV, DIMITRE
KARABOYTCHEV, JUAN ALBA, TOMAS
GONZALEZ, LUIS LOIZARO, WILHELM
PERIERA, ENRIQUE BALDWIN, MARK
DONAHAY, NICK ANDRADE, ED MAZZEO,
and ALAN LEAVITT,

      Plaintiffs,

v.

CAREY INTERNATIONAL, INC., a Delaware
corporation qualified to do business in the State
of Florida, CAREY LIMOUSINE FLORIDA, INC.,
a Delaware corporation qualified to do business in
Florida, and VINCE WOLFINGTON, an
individual,

      Defendants.
_____/

**PLAINTIFFS' PROPOSED VOIR DIRE QUESTIONS**

Plaintiffs ("Plaintiffs"), by and through their undersigned counsel, respectfully submit the following proposed voir dire questions to be asked of prospective jurors by the Court. Further, Plaintiffs respectfully request an opportunity for their counsel to be able to individually question prospective jurors when the Court has concluded its inquiries:

**INTRODUCTION**

Members of the Jury, this is the part of the trial known as *voir dire*. *Voir dire* is a Latin expression meaning "to see and speak." Basically, we call it jury selection.

This is an opportunity for the parties and their attorneys to learn something about your background. All of us have experiences in our lifetimes that influence our attitudes and it is fundamental to our system of justice that we select jurors who are able to judge the facts of this case based upon the evidence and the Court's instructions, and not on some event that is unique to them.

You may view some of these questions as being too personal. I ask you to understand that the Court and the lawyers do not want to invade your privacy and no one is seeking to cause you any embarrassment. If you would prefer to answer any question privately to the Court, please let me know.

In the course of these questions, I will be using the word "you." I ask you to remember that "you" stands for you and, also, any member of your family or close friend who may have had an experience that could possible influence your decision in this case.

When I am finished with the Court's questions, the attorneys for the parties will also have a brief opportunity to ask you some questions.

In order for you to understand the basic nature of the case, I am going to read you very brief statements of the parties about their case (read from Pretrial Stipulation).

**A.      Employment History**

1.      If you have ever worked outside the home, please summarize your work history, and in doing so, for each job, tell us the name of your employer, the position(s) you held with each employer, the length of time you worked there, and your reason for leaving that job?

      2.      Have any of you been "self employed?"  Tell us what you did.

      3.      (If a panel member's job appears to have been supervisory, ask:  Was your job supervisory, or were you involved in management?  If so, what were your duties and responsibilities?)

      4.      Have any of you ever worked at a job in a management position?  Explain.  Have any of you ever had to decide whether a certain employee was entitled to overtime or not?  Do any of you believe that overtime is not a good thing and that employees should not be paid overtime.

      5.      Have any of you worked at a job where you received overtime?  Tell us about it.

      6.      Have you ever owned your own business?  Has anyone close to you ever owned his/her own business?  Please identify who and describe the business.

      8.      Has anyone been in the military? Describe your military experience.

**B.**      **Employment Claims Histoy**

Has any member of the panel or any one close to you ever had to be involved in an overtime claim brought by a co-worker?  Explain.  Were you a witness for the employer?  Were you deposed?

**C.**      **General Background, Experience and Opinions**

      1.      <u>Lifestyle Questions</u>

            a.      Are you a *member* of any organizations?

            b.      What are your primary leisure activities?

            c.      To what magazines and/or newspapers do you subscribe?

            d.      What is your main source of news?

            e.      Tell us about your families—are you married, do you have children?

How are your spouses or grown children employed?

    2.    <u>Litigation and Claims Related Issues</u>

        a.    Have you ever testified at a trial or in a deposition? In what kind of case?

        b.    Have you or close family members ever been sued or have you or close family members ever sued anyone? What kind of litigation? How was it resolved?

        c.    Was there any event related to those experiences that would carry over and affect your decision as a juror in this case?

        d.    How do you feel about a person or company which files a lawsuit?

        e.    Describe the qualities that you feel make up a good juror.

        f.    Do you understand and can you assure all parties that you will wait until you have heard all of the testimony from all of the witnesses and carefully listened to the judge's instructions on the law before you form any conclusions?

    3.    <u>Ties to Related Industries, Parties or Witnesses</u>

        a.    Have you or anyone close to you ever been involved in any of the following businesses (and if so, who and in what capacity):

            i.    Limousine business

            ii.    Driver

.    b.    Has any member of the jury panel ever heard of (list all parties and witnesses and law firms).

        c.    Do any of the members of the jury panel know each other, or anyone else in this courtroom?

    d. Is there anything that might conceivably interfere with your ability to hear or to see witnesses in this case or to pay very close attention to the evidence and the testimony presented in this courtroom?

**D.** <u>**General**</u>

  1. There are fifteen Plaintiffs in this action and there are two Defendants. It is important for you to remember that you are to judge the facts as to the Plaintiffs and the Defendants separately. In other words, in your fact finding process, you are to evaluate the evidence as to each individual party. Is there any member of the panel that feels that they cannot make that separation if they are chosen to serve on the jury?

  2. Do each of you understand that you are to not to have any contact outside of this courtroom with any party, attorney, or witness involved in this case? These people are not allowed to talk with you outside of the formal proceedings in this courtroom during the course of the trial. They do not mean to be rude, but they are not to engage in any conversation with you whatsoever. Does each of you understand that this is our procedure and that you are not to hold this against any part that either the party or the attorneys avoid engaging in friendly conversation with you outside the courtroom?

Dated this 3rd day of April, 2007.

                Glasser, Boreth & Kleppin
                Attorneys for Plaintiff
                8751 W. Broward Blvd., Suite 105
                Plantation, FL 33324
                Tel. (954) 424-1933
                Fax (954) 474-7405


                By___s/Chris Kleppin_____
                  Harry O. Boreth
                  Fla. Bar No. 190903

                    Chris Kleppin
                    Fla. Bar No. 625485

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 3, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record (Patricia H. Thompson, Esq., Carlton, Fields, et al., 4000 International Place, 100 Southeast Second Street, Miami Florida 33131) or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

               By  s/Chris Kleppin
                 Harry O. Boreth
                 Fla. Bar No. 190903

                 Chris Kleppin
                 Fla. Bar No. 625485

C:/MyDocuments/Powell/Plf'sProposedVoirDireQuestions04/03/07