UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 05-21395-CIV-SEITZ/MCALILEY

GEORGE POWELL, et al.,

    Plaintiffs,

v.

CAREY INTERNATIONAL, INC., et al.,

    Defendants.
_____/

## ORDER ON APRIL 5, 2007 PRETRIAL CONFERENCE

THIS MATTER is before the Court on the April 5, 2007 Pretrial Conference. At the conference, the Court and the parties discussed the items listed in the Civil Pretrial Conference Checklist, including: voir dire procedures, jury instructions, exhibit and witness lists, and motions in limine. The Court also informed the parties that by separate orders, it was granting Defendants' Motion to Exclude the Testimony of Dennis A. North and denying Defendants' Motion for Reconsideration. Therefore, consistent with the discussions at the hearing, it is hereby

ORDERED that

(1) A status conference is scheduled for **Thursday, April 19, 2007 at 9 a.m.** at 5th Floor Courtroom, 301 N. Miami Ave., Miami, Florida. In preparation for the status conference the parties shall submit by **April 18, 2007 at 12 p.m.** a joint list including the name of each Plaintiff and the facts not in dispute as to each Plaintiff, including: the date each Plaintiff joined the lawsuit; the date each Plaintiff began working for Defendants; whether each Plaintiff signed an independent operator agreement and, if so, the date it was signed; whether each Plaintiff continues to work for

Defendants; and any other facts specific to each Plaintiff that are not disputed.  This joint statement will assist the Court and jury during the status conference and at trial.

>  (2)   **Claims and Defenses To Be Asserted at Trial**

Pursuant to the Court's discussion with the parties at the hearing, Plaintiffs are pursuing the following claims at trial:

> (a)   Unpaid overtime wages under the FLSA.  Such claims will require a determination by the jury of (1) the number of hours worked by each Plaintiff during each relevant workweek and (2) which activities are compensable because the time spent completing such activities was not *de minimus*.

> (b)   An extension of the statute of limitations from two to three years because the actions of Defendants were allegedly "willful."

> (c)   Liquidated damages because Defendants did not have a good faith belief that they were not required to pay overtime wages.

In addition, listed below are the defenses that Defendants intend to pursue at trial:

> (a)   Defendants refute the number of hours that Plaintiffs claim they worked overtime.

> (b)   Defendants also claim that they had a good faith belief that Plaintiffs were independent contractors not entitled to overtime wages for purposes of "willfulness" and liquidated damages.

> (3)   **Concise Statement of the Case**

By the **April 19, 2007** status conference, the parties shall prepare and file a joint concise statement of the case that can be read to the jury prior to *voir dire* to apprise the panel of the subject matter involved in the case.  The joint concise statement shall address the positions of each party to

this litigation in a succinct and neutral manner.

(4) **Voir Dire Questions**

The Court will use the parties' filed voir dire questions for Part 1 of voir dire. The parties shall submit any further proposed voir dire questions for the Court's review by no later than the **April 19, 2007** status conference.

(5) **Joint Stipulations**

If the parties are able to reach any stipulations as to the facts or the law applicable to this case, they shall submit such stipulations to the Court before the **April 19, 2007** status conference. These written stipulations will have an exhibit number and be included in the Exhibit Notebooks provided to the jurors. The purpose of these stipulations is to minimize the exhibits or testimony at trial necessary to establish these stipulated facts.

(6) **Exhibit Notebooks**

If the parties do not plan to use the ELMO to publish exhibits, they shall prepare Exhibit Notebooks and deliver the same to the Court at the commencement of trial. The parties shall be required to provide at least eleven (11) copies of the Exhibit Notebook: one for each of the eight jurors, one for the Court, one for the witness stand, and one for the Court Reporter. The Exhibit Notebooks shall contain all joint exhibits and an index of the same. As to the remaining exhibits, Counsel shall have sufficient tabbed copies of each exhibit to provide to the jurors for addition to their Notebooks in the event the exhibit is admitted into evidence. A sample Exhibit Notebook is available in chambers for Counsel's inspection.

Further, per the discussion at the hearing, the parties may also submit an alternative joint plan for dealing with all the exhibits. Such plan shall be submitted by the **April 19, 2007** status

conference.

(7)     **Demonstrative Exhibits**

If the parties desire to use demonstrative exhibits during trial (including a timeline), each such item must be disclosed to the opposing party not later than the **April 25, 2007** calendar call.  In the event a party objects to the use of a particular demonstrative aide, then the Court shall examine each such item *in camera* prior to its use at trial.  No demonstrative exhibit may be displayed to the jury absent prior written agreement between the parties or, absent such agreement, prior approval by the Court.

(8)     **Judicial Notice**

If either party desires the Court to notice judicially any adjudicative facts pursuant to Fed. R. Evid. 201, such request shall be in writing and filed with the Court by the **April 19, 2007** status conference. The request shall specify with particularity the specific facts sought to be recognized and provide any legal authorities in support.

(9)     **Technological Equipment**

The parties shall submit to the Court authorization to bring technological equipment into the court room by the **April 25, 2007** calendar call.  The Court shall arrange with the parties a date of installation.  The parties shall consult with each other as to the use of the other's computer based exhibits.

(10)    **Deposition Evidence**

For depositions that are to be used as <u>substantive evidence</u>, the party wishing to do so must designate by line and page reference those portions in writing.  The parties shall discuss their proposed deposition designations prior to the **April 19, 2007** status conference, and shall make good

faith efforts to resolve any objections without Court intervention.  **The parties are reminded that a deposition of a non-party witness may only be used at trial if the foundation requirements of Fed. R. Civ. P. 32(a)(3) are met.**

(11) **Jury Instructions:**

(a) The parties shall submit by **April 11, 2007 at 2:00 p.m.**, on a disc or via email, an electronic version of the parties' *joint* jury instructions, as discussed at the hearing.

(b) The parties shall submit by **April 13, 2007** a joint instruction regarding the minimum wage in the event that the jury finds that the regular wage as to any particular Plaintiff during any particular week is below the minimum wage, i.e., $5.15.

(c) The Court will give to the parties Draft #1 of the jury instructions after receiving submissions (a) and (b) from the parties. The parties shall submit by the **April 19, 2007** status conference a *joint abbreviated version* of Draft #1 of the jury instructions for purposes of instructing the jury before opening statements.

(12) **Witness and Exhibit Lists and Disclosure of Summary Evidence:**

(a) By **April 11, 2007**, Plaintiffs must disclose all their summary exhibits and submit to Defendants a detailed witness list.  On that list, Plaintiffs shall identify each witness and note:

(i) The amount of time needed on direct examination for each witness they intend to call; and

(ii) Each exhibit that Plaintiffs intend to question the witness about.

(b) By **April 13, 2007**, Defendants must disclose all their summary exhibits and submit to Plaintiffs a detailed witness list.  On that list, Defendants shall identify each witness and note:

(i) The amount of time needed for cross-examination for each witness; and

        (ii)      Each exhibit that Defendants intend to question the witness about.

(c)      By **April 16, 2007**, Plaintiffs must submit to Defendants a detailed list of witnesses that Plaintiffs intend to call in rebuttal to Defendants' witnesses and any documents about which they intend to question each witness.

(d)      By the **April 19, 2007** status conference, based on the foregoing exchanges, the parties shall file a joint witness list identifying each witness to be called at trial, the amount of time needed for direct examination or cross-examination of each witness and each exhibit upon which the parties intend to question each witness. At trial, the parties will not be permitted to question a witness in excess of the time stated in such joint filing.

(13)      **Motions in Limine:**

(a)      Defendants' Motion to Exclude Evidence of Prior Lawsuits or Proceedings Against Them is DENIED WITHOUT PREJUDICE because the Court cannot, without seeing the documents and hearing the evidence, determine whether these exhibits are relevant and admissible.

(b)      Defendants' Motion to Exclude Evidence Regarding Alleged Acts of Retaliation is GRANTED IN PART AND DENIED IN PART. Plaintiffs may only introduce evidence on the issue of "willfulness" that illustrates *management's general policy* of retaliation, not individual acts of retaliation.

(c)      Defendants' Motion to Exclude Evidence Referring to Non-Parties is DENIED. At this juncture, the Court has insufficient information to make a blanket determination.

(d)      Defendants' Motion to Exclude Evidence Regarding Department of Labor Investigation/Settlement Against Non-Party is GRANTED. Plaintiffs may not introduce evidence of

the Department of Labor investigation of Carey Limousine Dallas, Inc.

(e)     Defendants' Motion to Admit Administrative Rulings on Independent Contractor Status is GRANTED as to exhibits D-1 and D-6 and DENIED as to exhibits D-2 through D-5.  With respect to exhibits D-2 through D-5, if the Defendants lay the proper foundation and demonstrate the relevance of these documents during trial, the Court will re-examine their admissibility.

(14)    **Copies to Court Reporter**

At the commencement of jury selection, the parties shall provide to the Official Court Reporter, David Ehrlich, copies of: (a) the final witness and exhibit lists; and (b) a list of all names and other proper nouns material to the disposition of the case that are likely to be raised at trial.

DONE AND ORDERED at Miami, Florida this 9th day of April, 2007.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Counsel of record