UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 05-21395-CIV-SEITZ/MCALILEY

GEORGE POWELL, et al.,

    Plaintiffs,

v.

CAREY INTERNATIONAL, INC., et al.,

    Defendants.
_____/

### ORDER ON APRIL 19, 2007 STATUS CONFERENCE

THIS MATTER is before the Court on the April 19, 2007 Status Conference. At the conference, the Court and the parties addressed issues that have arisen since the April 5, 2007 pretrial conference, including: (1) the trial commencement date; (2) the appointment of a special master; (3) voir dire challenges; (4) the statement of the case and proposed preliminary instructions on the law; (5) the length of the parties' witness and exhibit lists; (6) Defendants' Motion to Strike Plaintiffs' Summary Exhibits & Non-Party Witnesses [DE 413]; (7) Plaintiffs' claim for minimum wages and (8) the parties' judicial notice submissions.

**1.     Trial Commencement Date**

This trial is specially set to commence on April 30, 2007.

**2.     Special Master**

After reviewing the parties' revised witness and exhibit lists and the lengthy deposition designations and the few days remaining before trial, the Court inquired if the parties would be amenable to the appointment of a special master to aid in finalizing trial preparation. Both parties agreed that a special master would be helpful and specifically agreed to the appointment of Mr. Robert Weisberg, Esq.

1

as the special master.  Mr. Weisberg's appointment as special master is set out in a separate order.

**3.     Voir Dire Challenges**

The parties have agreed to five (5) peremptory challenges per side.

**4.     The Statement of the Case and Proposed Preliminary Instructions on the Applicable Law [DE 420]**

The Court will use the proposed neutral statement of the case to describe the case to the venire panel at the outset of jury selection.  The court will use the proposed preliminary instructions on the law, with some modification which will be shared with the parties in advance, as part of the Court's preliminary instructions to the jury after selection.

**5.     The Length of the Parties' Revised Witness and Exhibit Lists**

The special master will work with the parties to reduce the revised witness and exhibit lists such that the lists will be manageable at trial.

**6.      Defendants' Motion to Strike Plaintiffs' Summary Exhibits & Non-Party Witnesses [DE 413]**

Furthermore, the Court heard oral argument on Defendants' Motion to Strike Plaintiffs' Summary Exhibits & Non-Party Witnesses.  After reviewing the Plaintiffs' proposed summary exhibits, it is clear to the Court that such exhibits do not satisfy the requirements of Rule 1006 of the Federal Rules of Evidence and should not be admitted because the figures and calculations in the report are not accurate.  For example, each Plaintiff's weekly regular rate should be calculated by dividing the Plaintiff's total weekly compensation by his total compensable hours for that same week.  Plaintiffs' summary exhibit demonstrates that Plaintiffs either made arithmetic errors or did not apply the proper formula because the regular rates included in the exhibit are not derived in this manner.  Additionally, the summary exhibits improperly provide averages for the amount of hours worked by each Plaintiff.  For example, the exhibit indicates that Plaintiff Juan Alba worked 72 hours a week for every week while he

2

was affiliated with Defendants.  However, Plaintiffs' counsel represented to the Court that he was aware that Mr. Alba did not work 72 hours during various of those weeks.  Finally, it appears that Plaintiffs' summary exhibits are derived from Plaintiffs' rebuttal expert report, which this Court specifically excluded.  (*See* DE 407.)  Therefore, Plaintiffs' present proposed summary exhibits may not be admitted.  The Plaintiffs have until 4:00 p.m. on April 20, 2007 to present revised summary exhibits that satisfy the requirements of Rule 1006, *U.S. v. Modena*, 302 F.3d 626, 633 (6th Cir. 2002).

**7.     Plaintiffs' Minimum Wage Claims**

Prior to the April 5, 2007 pretrial conference, the Court was under the impression that based upon the summary judgment motions and the other presentations to the Court, including Plaintiffs' proposed jury instructions submitted on February 9, 2007, the Plaintiffs were pursuing solely overtime claims.  However, during discussion of the jury instructions and the admissibility of Plaintiffs' summary exhibits, it came to light that Plaintiffs did intend to pursue minimum wage claims notwithstanding the fact that Plaintiffs never presented to the Court the manner of calculating the amount owed nor any evidence supporting such claims.  The addition of these claims at this juncture in the case, essentially the eve of trial, would only further complicate the issues upon which the jury will need to make determinations.  Therefore, to simplify this case for trial and to ensure that each claim in Plaintiffs' Fourth Amended Complaint has been addressed, all minimum wage claims are severed from this matter and shall be addressed in a subsequent proceeding.

**8.     The Parties' Judicial Notice Submissions**

Finally, the Court reviewed the evidence that the parties ask the Court to take judicial notice of.  Plaintiffs ask that the Court take judicial notice of an array of pleadings in other cases.  Federal Rule of Evidence 201 provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of

accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201 (2007).  Because the facts in Plaintiffs' pleadings do not constitute the type of adjudicative facts that the Court may take judicial notice of, the Court denied Plaintiffs' request.  Further, Defendants indicated that they intend to file a motion to strike the documents in paragraphs five and six of Plaintiffs' request for judicial notice.  Conversely, Defendants ask the Court to take judicial notice of a calendar for use in determining the wages, if any, owed to the Plaintiffs.  The Court accepted this request.

Therefore, consistent with the discussions at the status conference, it is hereby

ORDERED that

(1) The trial in this case is specially set to commence on April 30, 2007.

(2) By separate order, Mr. Robert Weisberg Esq. shall be appointed as a special master to aid in finalizing this case for trial.

(3) Each party shall be limited to five peremptory challenges.

(4) The Court shall use (1) the proposed neutral statement of the case to describe the case to the venire panel at the outset of jury selection and (2) the proposed preliminary instructions on the law to summarize the law for the selected jury prior to opening statements.

(5) The parties shall work with the special master to revise the parties' witness and exhibit lists.

(6) Defendants' Motion to Strike Plaintiffs' Summary Exhibits & Non-Party Witnesses [DE 413] is GRANTED IN PART AND DENIED IN PART.  Plaintiffs' current summary exhibits are STRICKEN.  Plaintiffs shall have until **April 20, 2007 at 4:00 p.m.** to submit revised summary exhibits with proper calculations.  The Court shall reserve judgment on the motion as to Plaintiffs' non-party witnesses until after the special master has met with the parties.

(7) All of Plaintiffs' minimum wage claims shall be SEVERED from this action and shall

be addressed in a separate proceeding.

(8)  The Court shall not take judicial notice of the documents listed in Plaintiffs' Request for Judicial Notice [DE 418].  The Court shall take judicial notice of the calendar submitted by Defendants [415].

AND IT IS FURTHER ORDERED that a status conference is scheduled for **Friday, April 20, 2007 at 4:00 p.m.** at 5th Floor Courtroom, 301 N. Miami Ave., Miami, Florida.

DONE AND ORDERED at Miami, Florida this 20th day of April, 2007.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Counsel of record