UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 05-21395-CIV-SEITZ/MCALILEY

GEORGE POWELL, et al.,

       Plaintiffs,

v.

CAREY INTERNATIONAL, INC., et al.,

       Defendants.
_____/

## ORDER ON APRIL 25, 2007 CALENDAR CALL

THIS MATTER is before the Court on the April 25, 2007 calendar call. At the calendar call, the Court and the parties addressed issues arising since the April 19, 2007 status conference, including: (1) the Special Master's Report; (2) Defendants' pending motions; (3) the preliminary instruction to the jury and revised verdict forms; and (4) other trial matters.

**1.**     **The Special Master's Report**

The Court distributed the Special Master's Report to the parties. The Report summarizes the progress made at the April 20, 2007 meeting between the parties and the Special Master.[1] Additionally, the Court informed the parties that the Special Master would be amenable to mediate this case one last time prior to trial and stated that he is available to conduct such mediation at 9:00 a.m. on Friday, April 27, 2007. The Court further informed the parties that it would be important to ensure that individuals with authority to make decisions to resolve the

---

[1] The Special Master's rulings on the Defendants' objections to the deposition designations shall be submitted by separate report.

1

case be present at the mediation. The Court gave the parties until 5:00 p.m. on Wednesday, April 25, 2007 to inform the Court whether they were going to participate in the mediation.

**2.      Defendants' Pending Motions**

     A.      *Defendants' Motion to Strike Plaintiffs' Summary Exhibits*

Plaintiffs submitted revised Rule 1006 summary exhibits to Defendants on April 23, 2007 as required by Court Order.[2] The new exhibits purport to quantify the exact number of hours worked by each Plaintiff for each week during the relevant time period. Plaintiffs claim that the new estimates of unpaid overtime wages significantly differ from the previous estimates due to a severe arithmetic error and Plaintiffs' revised estimates based upon their review of various documents. However, for the duration of the case, Plaintiffs have testified that it was impossible to calculate hours worked without the use of averages. Now, five days before trial, Plaintiffs purport to submit summary exhibits with detailed figures of the hours they worked. Consequently, because there are serious issues as to the accuracy of such exhibits and Defendants will be highly prejudiced by the introduction of them at this late stage in the litigation, the summary exhibits served on April 23, 2007 may not be admitted. *U.S. v. Modena*, 302 F.3d 626, 633 (6th Cir. 2002) (stating that summary reports must be accurate and non-prejudicial).

     B.      *Defendants' Motion for Involuntary Dismissal Based on Plaintiffs' Fabrication of the Evidence*

---

[2] Fed. R. Evid. 1006 states in relevant part:

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at [a] reasonable time and place.

Because Plaintiffs have consistently maintained that it was impossible to determine the exact hours worked by each Plaintiff each week, and now Plaintiffs have provided such information, Defendants have moved for an involuntary dismissal claiming that Plaintiffs have fabricated such information. Defendants have provided multiple cases in which the court dismissed the case based upon the introduction of fabricated evidence. See Vargas v. Peltz, 901 F. Supp. 1572 (S.D. Fla. 1995); Pope v. Federal Express Corp., 138 F.R.D. 675 (W.D. Mo. 1990); Mendez v. Cova, Inc., No. 97-252-Civ-Jordan. Here, however, without knowing the full extent of the alleged fabrication, the Court cannot make a determination as to whether dismissal is appropriate at this time. Thus, Defendants' motion for involuntary dismissal is denied without prejudice to Defendants renewing their motion after Plaintiffs' case-in-chief.

**3.    Preliminary Instruction to the Jury and Verdict Forms**

The Court distributed to the parties the revised preliminary instruction to the jury. After reviewing the instruction, both parties indicated that they had no objections. Further, the parties agreed that each juror would get a copy of the instruction to follow along as the Court read it and then the Court would collect the instructions from the jury to avoid distraction. Additionally, the Court required the parties to file revised more expansive verdict forms by 12:00 p.m. on Friday, April 27, 2007.

**4.    Other Trial Matters**

The parties informed the Court that neither party intended to use any technological equipment. Further, both parties indicated that they intended to use blow-up versions of documents already in evidence.

Therefore, consistent with the discussions at the calendar call, it is hereby

ORDERED that

(1) The parties must notify the Court by **5:00 p.m. on Wednesday, April 25, 2007** whether they intend to participate in the mediation with the Special Master.

(2) Defendants' Motion to Strike Plaintiffs' Summary Exhibits [DE 425] is GRANTED. Plaintiffs shall not be allowed to introduce or solicit testimony regarding the revised summary exhibits.

(3) Defendants' Motion for Involuntary Dismissal Based on Plaintiffs' Fabrication of the Evidence [DE 428] is DENIED WITHOUT PREJUDICE. Defendants may renew their motion at the end of Plaintiffs' case-in-chief.

(4) The parties must file revised verdict forms by **12:00 p.m. on Friday, April 27, 2007.**

DONE AND ORDERED at Miami, Florida this 25th day of April, 2007.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Counsel of record