UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 05-21395-CIV-SEITZ/MCALILEY

GEORGE POWELL, et al.,

       Plaintiffs,

v.

CAREY INTERNATIONAL, INC., et al.,

       Defendants.
_____/

### ORDER DENYING PLAINTIFFS' MOTION FOR JOINDER

THIS MATTER is before the Court on Plaintiffs' Motion to Add Real Party in Interest, Chartwell Investments, Inc., as a Party [DE 458]. Plaintiffs originally filed this wage and hour case under the Fair Labor Standards Act ("FLSA") on May 24, 2005. A year later, the Court entered its Trial Order and stated that the deadline for joinder of parties and amendment of pleadings was June 1, 2006.[1] After extensive litigation, by April 30, 2007, all Plaintiffs remaining in the case had accepted offers of judgment. However, before the Court could enter final judgment for each Plaintiff, Plaintiffs moved to add Chartwell Investments, Inc. ("Chartwell") as a party defendant. Chartwell is a private equity firm with approximately $500 million of equity capital under management, which Plaintiffs allege "controls" Carey International, Inc. (*See* Plaintiffs' Motion, Exh. 2.)

The matter of amendment to the pleadings is a procedural matter governed by Federal law and the Federal Rules of Civil Procedure. *Gifford v. Wichita Falls & Southern Railway Company*, 224 F.2d 374, 376 (5th Cir. 1955).[2] Rule 15 permits a party to amend its "pleading once as a matter of course at

---

[1] The Court later extended the date to June 9, 2006. (*See* DE 162.)

[2] All decisions of the former Fifth Circuit rendered prior to October 1, 1981 serve as binding precedent on the current Eleventh Circuit. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

any time before a responsive pleading is served," otherwise the party must obtain a court order or written consent of the adverse party. Fed. R. Civ. P. 15 (2007). When a party seeks to amend its pleadings after a court-ordered deadline, such party must demonstrate good cause pursuant to Rule 16(b). Fed. R. Civ. P. 16 (2007); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).

Plaintiffs' motion cites to Rules 20, 21 and 25.[3] Rules 20 and 21, the joinder rules, are designed to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits, provided the adding or dropping of the parties are "on terms that are just." Fed. R. Civ. P. 21 (2007); *See Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th Cir. 2000). The disposition of joinder motions are within the district court's discretion. *Gentry v. Smith*, 487 F.2d 571, 580 (5th Cir. 1973). Courts commonly deny leave to amend where the amendment will result in delay or undue prejudice to the opposing party, or if a party has had sufficient opportunity to state a claim and has failed to do so. *Williamsburg Wax Museum v. Historic Figures, Inc.*, 810 F.3d 243, 247 (D.C. Cir. 1987).

Plaintiffs seek to add Chartwell as a defendant because it allegedly owns Carey International, Inc. or a majority of its stock and therefore, Plaintiffs argue, Chartwell is a joint employer of Plaintiffs. Additionally, Plaintiffs state that they have serious concerns that they will not be able to collect on the final judgments from Carey International, Inc. Plaintiffs, however, have not shown good cause for having waited two years before moving to add Chartwell as a defendant. The parties in this matter have an extensive litigation history dating back many years, yet after accepting the judgments, Plaintiffs for the first time seek to add Chartwell.[4] Moreover, Plaintiffs offer no explanation nor cite to any evidence

---

[3] Rule 25 is inapplicable because there is no factual support for any of the bases for a substitution of parties.

[4] Given the clear law on what constitutes a joint employer and the factual record developed to date, Plaintiffs' argument that Chartwell constitutes a joint employer appears to be a derogation of Plaintiffs' counsel's responsibility under Rule 11(b)(1), (3).

relating to their concerns about their ability to collect the judgment amounts from Defendants.[5]

Furthermore, to allow the addition of Chartwell as a defendant at this stage of the case would violate due process. Chartwell was not notified of the suit and was not able to conduct discovery nor mount a defense, and thus, its joinder would violate the requirements of due process. *Moore v. Knowles*, 482 F.2d 1069, 1075 (5th Cir. 1973). Thus, Plaintiffs motion to join Chartwell must be denied.

ORDERED that Plaintiffs' Motion to Add Real Party in Interest, Chartwell Investments, Inc., as a Party [DE 458] is DENIED.

DONE AND ORDERED at Miami, Florida this <u>10th</u> day of May, 2007.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Counsel of record

---

[5] In fact, Defendants have represented to the Court that they have every intention of satisfying the proposed final judgments. (Defendants' Response at 2.)